UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **CADE ENTERPRISES L L C** | **CASE NO.  2:22-CV-05003** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CERTAIN UNDERWRITERS AT LLOYDS LONDON** | **MAGISTRATE JUDGE LEBLANC** |

<u>**MEMORANDUM RULING**</u>

Before the court is a Motion to Dismiss [doc. 29] filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by defendants XL Catlin Insurance Company UK Ltd., HDI Global Specialty SE, CUMIS Specialty Insurance Co., Inc., and Endurance Worldwide Insurance Limited (collectively, "Non-Lloyd's defendants"). Plaintiff Cade Enterprises, LLC opposes the motion. Doc. 45.

**I.**
**BACKGROUND**

This suit arises from hurricane damage to commercial property owned by plaintiff in Lake Charles, Louisiana. According to the complaint, plaintiff insured the property through Policy No. SS000165-03, which he procured at Lloyd's of London. Doc. 1, ¶¶ 5, 7. Plaintiff alleges that the property was damaged in Hurricane Laura, which made landfall on August 27, 2020, and Hurricane Delta, which struck the same area on October 9, 2020, but that his insurer failed to timely or adequately compensate him for covered losses. He thus filed suit in this court on August 26, 2022, naming "Certain Underwriters at Lloyds, London" as sole defendant and raising claims of breach of insurance contract and bad faith under Louisiana law. Doc. 1.

That defendant moved to dismiss the suit for lack of jurisdiction, asserting that

diversity jurisdiction did not exist because plaintiff had not named the subscribing syndicates to the policy and that the only Lloyd's syndicate subscribing to the policy was liable for just 0.32 percent of any amount owed. Doc. 10. The court granted plaintiff's motion to amend and name as defendants all subscribers to the policy, rendering the jurisdictional challenge moot. Doc. 26. The amended complaint was filed on October 11, 2023, the same day as the court's ruling. Doc. 27.

The non-Lloyd's defendants, who were all added through that amendment, now move to dismiss their claims under Rule 12(b)(6) as prescribed. Doc. 29. Specifically, they argue that plaintiff failed to raise any claims against them until after the policy's two-year limitations period had elapsed. Plaintiff opposes the motion, asserting that (1) naming "Certain Underwriters at Lloyd's, London" included all policy participants as defendants and interrupted prescription as to these entities or, alternatively, (2) the allegations of the first amended complaint relate back to the filing of the original complaint. Doc. 45.

## II.
## LAW & APPLICATION

### A. Legal Standard

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### B. Application

It is well-established under federal jurisprudence that "[t]he Society of Lloyd's, London, is not an insurance company, but rather a British organization that provides infrastructure for the international insurance market." *Underwriters at Lloyd's, London v.*

*Osting-Schwinn*, 613 F.3d 1079, 1083 (11th Cir. 2010). Simply put, "a policy holder insures at Lloyd's, but not with Lloyd's." *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 858 (5th Cir. 2003). "The members or investors are called 'Names' and they are the individuals and corporations who finance the insurance market and ultimately insure risks." *Id.* Accordingly, the proper defendants in a breach of insurance contract suit arising from a Lloyds policy are the underwriters subscribing to a specific policy rather than a generic reference such as "Underwriters at Lloyd's, London." *Conroy v. Underwriters at Lloyds London*, 2023 WL 8480069, at *2 (W.D. La. Dec. 7, 2023) (collecting cases).

  The undersigned has recognized these principles, dismissing suits brought against "Underwriters at Lloyds London" on Rule 12 motions. *E.g.*, *Harrington v. Underwriters at Lloyd's London*, 2023 WL 7930209 (W.D. La. Nov. 16, 2023); *Guidry v. Underwriters at Lloyds London*, 2023 WL 8440259 (W.D. La. Dec. 5, 2023); *Tate v. Underwriters at Lloyds London*, 2023 WL 8814609 (W.D. La. Dec. 20, 2023); *Williamson v. Underwriters at Lloyds London*, 2024 WL 86891 (W.D. La. Jan. 8, 2024). Here, however, plaintiff did not merely name "Underwriters" but instead "Certain Underwriters"—thus encompassing not the entire society but, the court presumes, only the entities subscribing to the relevant insurance policy. As plaintiff points out, this phrasing is consistent with the policy's Terminology Endorsement. *See* doc. 29, att. 2, p. 29. Additionally, the complaint contained the relevant policy number. Unlike the above-referenced matters, the court finds the inclusion of "Certain" sufficient to encompass the subscribing syndicates. Indeed, currently pending in this district are nearly two dozen suits against "Certain Underwriters at Lloyds London Subscribing to _____," many of whom were originally named in the same manner

as this suit with the name corrected upon Underwriters' appearance. *E.g.*, *Les Amis LLC v. Certain Underwriters at Lloyds London*, No. 2:21-cv-2872 (W.D. La.); *Aras v. Secured Risk Ins. Grp.*, No. 2:22-cv-5617 (W.D. La.); *MD Title LLC v. Watford Ins. Co.*, No. 6:23-cv-1147 (W.D. La.). The court declines to dismiss plaintiff's claims based on this selectively exploited technicality.

### III.
#### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 29] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 19th day of January, 2024.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE